50 F.3d 16
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Harold B. SHAMBURGER, Plaintiff-Appellant,
v.
Eduardo G. ROY; Tomar Mason; T. Rosario; R. Edwards;
Plumely, Correctional Officer, Defendants-Appellees.
 No. 94-15791.
 United States Court of Appeals, Ninth Circuit.
 Submitted Dec. 13, 1994.*
Decided March 23, 1995.
 
 Before: CHOY, SKOPIL, and FERGUSON, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Harold Shamburger, a California state prisoner, appeals pro se the district court's grant of summary judgment in favor of prison officials on his civil rights action under 42 U.S.C. Sec. 1983. Shamburger also appeals the court's denial of his motion for further discovery. We affirm.
 
 A.
 
 3
 An intentional deprivation of an inmate's property by state officials does not violate the due process clause if the state provides an adequate postdeprivation remedy, and the deprivation did not result from application of an established state procedure. Hudson v. Palmer, 468 U.S. 517, 531-33 (1984).
 
 
 4
 Shamburger argues that the availability of postdeprivation remedies does not defeat his claim because he is alleging a denial of sixth amendment rights, rather than procedural due process. See Daniels v. Williams, 474 U.S. 327, 337-39 (1986) (Stevens, J., concurring). Shamburger's sixth amendment claim, however, was properly dismissed.[1] Thus, he is left with only a procedural due process claim. Postdeprivation remedies satisfy due process unless the challenge is to "the state system itself." Logan v. Zimmerman Brush Co., 455 U.S. 422, 436 (1982). Shamburger does not contend that application of established state procedures denied him due process. Rather, he claims that prison officials "erroneously" seized his legal materials and blanket which he contends prison rules allow him to possess. Such a deprivation, however, does not violate the due process clause if state law provides an adequate postdeprivation remedy. Hudson, 468 U.S. at 531-33. Shamburger does not contend that state law remedies are inadequate. Thus, defendants were entitled to judgment as a matter of law.[2] Id.
 
 B.
 
 5
 Shamburger's motion for additional discovery was properly denied because his discovery request would not shed any light upon the issues on which summary judgment was based. See Qualls v. Blue Cross of Cal., Inc., 22 F.3d 839, 844 (9th Cir.1994).
 
 
 6
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for submission on the record and briefs and without oral argument. Fed.R.App.P. 34(a), Ninth Circuit Rule 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by Ninth Circuit Rule 36-3
 
 
 [1]
 Shamburger continues to argue that he was denied access to the courts by the seizure of his legal materials. That claim was properly dismissed by the district court because neither the original nor the amended complaint alleged an "actual injury." See Sands v. Lewis, 886 F.2d 1166, 1171 (9th Cir.1989). The district court properly refused to consider the new allegation of "actual injury" raised for the first time in Shamburger's opposition to defendants' motion for summary judgment
 
 
 [2]
 We agree with the district court that Shamburger's eighth amendment claim was improperly raised for the first time in his opposition to defendants' motion for summary judgment